■ DAVID GORFINKEL, Respondent, v. FIRST NATIONAL BANK IN YONKERS, Defendant-Appellant and Third-Party Plaintiff-Respondent, and SYLVESTER W. DEL BELLO, Individually and as Committee of ELLEN SNYDER, Also Known as ELLEN ELLIOTT, a Deceased Incompetent Person, Third-Party Defendant-Appellant-Respondent.— In an action to recover from the defendant First National Bank in Yonkers the proceeds of a bank account originally in the

name of one Ellen Elliott "in trust for" the plaintiff, in which action the bank, as a third-party plaintiff, interposed an amended cross complaint against the third-party defendant Sylvester W. Del Bello, individually and as committee of Ellen Synder (also known as Ellen Elliott), an incompetent person, since deceased, both the bank and the said Del Bello, individually and as committee, appeal from a judgment and from an amended judgment of the Supreme Court, Westchester County, entered respectively April 24, 1962 and May 16, 1962 upon the court's decision and opinion after a nonjury trial, in favor of the plaintiff against the bank for $7,321.24, and in favor of the bank, as third-party plaintiff, against Del Bello, as third-party defendant, for $5,302.86. The original judgment directed that the bank's recovery over be against Del Bello, whereas the amended judgment directed that the bank's recovery over be against him "individually and as committee of Ellen Snyder, a/k/a Ellen Elliott, a deceased incompetent person". [The amended judgment erroneously states the amount of such recovery over as $5,392.86, instead of $5,302.86.] Amended judgment modified on the law and on the facts by amending its second decretal paragraph (which limits to $5,392.86 the bank's recovery over) so as to direct recovery over by the bank, as third-party plaintiff, against the third-party defendant Del Bello, individually and as such committee, of the principal sum of $6,011.18, plus $1,112.06 interest thereon from March 14, 1959 and $163 costs, making a total of $7,286.34. Findings of fact which may be inconsistent herewith are hereby reversed and new findings are made as indicated herein. As so modified, amended judgment affirmed, with costs to plaintiff against the defendant bank, and with costs to the bank, as third-party plaintiff, against the third-party defendant Del Bello, individually. Appeal from original judgment dismissed as academic, without costs. That judgment was superseded by the amended judgment. In 1953, Sylvester Del Bello, the third-party defendant, became the attorney for one Ellen Snyder (also known as Ellen Elliott), then an elderly woman. In 1955, she was adjudged an incompetent person. Del Bello effected his appointment as her committee. He did not, however, reveal to the appointing court (a) that he was the sole beneficiary under a will which he had drawn for Ellen Snyder in 1953; and (b) that she had conveyed title to her real property to him subject to a life estate in her favor. In 1957, without first obtaining a court order, Del Bello closed out the Totten Trust account, which she had maintained with the defendant bank — an account in her name "in trust for" the plaintiff. A portion of the funds which Del Bello thus realized was expended by him, as committee, for repairs of the said real property, and a portion was used to pay his ward's hospital bills. Upon her death in 1959, the plaintiff commenced the present action to recover the proceeds of the said account. Under all the circumstances, we conclude that the Trial Justice was correct in awarding judgment to the plaintiff for the full amount of the trust account, plus interest thereon. Without a court order, the committee was without authority to terminate the trust by withdrawal of the entire fund on deposit with the bank (*Matter of Rasmussen,* 147 Misc. 564; *Matter of Cianfrocco,* 28 Misc 2d 86; *Matter of Kissel,* 145 N. Y. S. 2d 107; *Matter of McCormack,* 50 N. Y. S. 2d 274). The bank was under a duty to ascertain that the committee had the requisite authority to thus terminate the trust (see *Noah* v. *Bowery Sav. Bank,* 225 N. Y. 284). We believe, however, that the Trial Justice erred in permitting the bank, as third-party plaintiff, to recover of Del Bello, as third-party defendant, only that portion of the bank account proceeds which he, as committee, had spent for repairs of the real property. He had voluntarily put himself in a position which brought his personal interests into conflict with the fiduciary duty which he owed to his ward; and he concealed the true facts from both the court and

the bank. Under such circumstances, there is clearly no reason to favor him (Del Bello), the active wrongdoer, over the bank, the passive wrongdoer, by drawing nice distinctions concerning his disposal of funds over which he had no power or right in the absence of court sanction. Accordingly, it is our opinion that he must be held liable, both personally and as committee, to the bank for the entire amount recovered against it by the plaintiff. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.