OPINION OF THE COURT
Lewis R. Friedman, J.
Motion by the conservator for an order directing the Bowery Savings Bank (Bowery) to turn over all assets in account No. *881 662-008399-5, Deborah Greene in trust for Fred Truell is granted.
When the court appointed the conservator this account was included in the inventory of the conservatee’s property which was ordered to be turned over to the conservator. Rather, Bowery chose to disregard the order because it was described as "Savings Bank Account,” rather than by its full Totten trust title. This court has been presented by no authority by which the Bowery had even a colorable claim for refusing compliance with the order. Bowery apparently has a right to seek appropriate documentation, etc., with respect to Totten trusts held by conservatees when demand is made for them (see, Gorfinkel v First Natl. Bank, 19 AD2d 903, affd 15 NY2d 711; but see, Matter of Del Bello, 19 NY2d 466). However, the court has seen no authority for the bank unilaterally to disregard a specific order of this court. In Gorfinkel (supra,) the courts held that assets of a Totten trust could be reached by a committee with or without a court order to be used for an incompetent’s maintenance and support. Without a court order parties act at their peril. (Matter of Del Bello, 19 NY2d, at 471.) While Del Bello refers to a custom of obtaining a specific court order, it did not make it a requirement. Nothing in Del Bello permits a bank to refuse to honor a court order that refers to a specific account.
This case demonstrates the high cost of high-handed proceedings. If the Bowery was truly concerned it could have sought clarification from this court. Instead it embarked on a course of conduct that compelled the conservator to retain counsel to bring this proceeding. Thus, the conservatee, whose interests are allegedly being protected by the bank essentially deprived her and Mr. Truell of the proceeds of the account.
First, there is no doubt that this money is needed to pay Ms. Greene’s rent; it is now 13 months in arrears. Public benefits are precluded because of the existence of Ms. Greene’s assets which cannot be reached or spent for her. This is precisely the situation which permits revocation of a Totten trust by a conservator, without court order.
Second, the conservator has been compelled to spend a large sum of money to bring this proceeding and defend against the bank’s spurious claim of disobeying the court’s order. The conservator seeks to have the bank pay its fees. The court would order that if it could. There is no provision which permits it under this proceeding. Thus, the conservatee must *882 pay for the substantial costs of bringing an unnecessary action, thereby depleting her assets and the interest of Mr. Truell. The court notes in passing that had the bank brought the proceeding its depositor’s cost would obviously have been much smaller.
Of course, had the conservator sought contempt sanctions for failure to comply with the court’s order, the court would have imposed a fine equal to $250 in addition to attorney’s fees on the bank. There is no doubt that the papers here would have supported contempt relief. The acts of the bank clearly impaired, impeded or hindered the right of the parties in violation of the order. This court cannot convert this proceeding in light of the special rules as to notice and the like. (Judiciary Law § 756.)
The cross motion is denied.